## Carlisle Gas & Water Co., Appellant, *v.* The Interwoven Mills, Inc.

*Contracts—Contracts for sale of real estate— Privity of contract.*

Where an oral contract is made to sell certain real estate to an industrial league and to remove wires and obstructions therefrom, and an agreement is subsequently entered into to make conveyance to a corporation, which was to occupy the land, the vendor acquires no right of action against such corporation in default of evidence to establish contractual relations.

Where there is no other evidence of novation or proof of contractual relation, the preparation and execution of a deed directly from the vendor to the corporation, does not establish any liability on the part of the latter to the vendor, where the deed was never accepted nor the property therein conveyed, ever occupied.

Argued March 10, 1919.  Appeal, No. 15, March T., 1919, by plaintiff, from decree of C. P. Cumberland Co., May T., 1917, No. 69, refusing to take off nonsuit in case of Carlisle Gas & Water Co. v. The Interwoven Mills, Inc.  Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.  Affirmed.

Assumpsit. Before GILLAN, P. J., specially presiding.

The facts appear from the following opinion of the court refusing to take off nonsuit:

This is an action of assumpsit. The plaintiff's statement alleges that in October, 1913, an oral contract was entered into between the plaintiff and the defendant by which the plaintiff agreed to convey to the defendant a certain tract of land in the Borough of Carlisle, in consideration of which the defendant was to pay to the plaintiff the sum of $5,500; that on said tract of land the plaintiff maintained lines of wire, poles, etc., which were used to conduct electric current for light and power; that by this agreement the plaintiff was to remove said poles, wires, etc.; that in pursuance of the said contract and at the request of the defendant the plaintiff removed from said tract of land wires and poles at an expense of $1,420.83; that in pursuance of the said contract the plaintiff held a special meeting of the board of directors at an expense of $70; that the plaintiff caused to be prepared deeds, and tendered them to the defendant; that by reason of the said facts and by reason of the defendant's breach of contract and refusal to accept said deeds, the plaintiff suffered loss and damage to the extent of $1,492.83, for which the action is brought. By an amended statement filed by leave of court it is set forth that the contract between the plaintiff and defendant was made with one C. W. Kilborne, the president of the defendant corporation, and that he was authorized to make said contract.

We entered this nonsuit because we considered at the close of the plaintiff's testimony that the allegation that the plaintiff and the defendant had, by an oral agreement entered into between them, contracted for the sale and purchase of this land was not established. [There is no testimony in this record from which a jury could or should be permitted to find that such a contract has been made.] (1) A very careful study of the testimony in the case and a consideration of the plaintiff's state-

ment convinces us that we were right. We have listened to the very able argument of the plaintiff's counsel, but we are not convinced that in making the order we did, we committed any error. We have looked in vain through the testimony to find any proofs of this contract of sale. The evidence is, and we must take all the evidence of the plaintiff as being true, that the plaintiff corporation authorized the president of the corporation, Mr. John Hays, to conduct the negotiations for the sale of his property. The plaintiff corporation at a meeting of its board of managers held on the 21st day of July, 1913, passed a resolution that the sale of this lot be left in the hands of the president to receive bids from the other people and submit those to the board for action.

Mr. Hays himself testifies that he made a contract with the defendant company, and when asked with whom he made that contract, that is who the individual was, he said that he thought that he made it with the president of the company, but was not sure. He gives not a word of the details of the bargain. It is testified that the plaintiff corporation agreed to sell this property to the Carlisle Industrial League. It is in evidence that the Carlisle Industrial League agreed with the defendant corporation to convey to them this very property, but that it was never done, and not done because, when the Carlisle Industrial League came to examine the title to the property of the plaintiff, they found it charged with certain dower liens, etc., which they did not seem to be able to remove. It is further testified on the part of the plaintiff's witnesses that part of the purchase-price of this property was to be contributed by the Carlisle Industrial League, the object being to secure a new industry for Carlisle.

There is no paper, no letter, nothing which would indicate that the plaintiff corporation ever made any contract with the defendant corporation for the sale of this property. While it is alleged that the contract with the

defendant for the sale and purchase of this property was made in October, 1913, yet 'on the 7th day of February, 1914, George M. Hays, vice president of the plaintiff corporation, wrote to the defendant corporation with reference to the property to be purchased by said defendant in Carlisle. If the defendant had already bought the property, would he not, in writing of the removal of the poles, etc., in speaking of the property, instead of saying "the property to be purchased by you in Carlisle," have said the property which you have purchased from the Carlisle Gas & Water Company?

It is alleged that the property was purchased by the Carlisle Industrial League and the defendant afterwards substituted. A novation is not alleged, and, even if it were, there is not shown any consideration, and therefore it is not binding. [The plaintiff sued on an express contract and therefore can not recover on an implied contract.] (2)

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*E. M. Biddle, Jr.,* and with him *George M. Hays,* for appellant.

*Joseph P. McKeehan,* for appellee.

OPINION BY TREXLER, J., April 21, 1919: .

Plaintiff's statement sets forth that by an oral contract made with defendant, through its proper officers and agents it agreed to sell a certain tract of land in the Borough of Carlisle for the sum of $5,500 the land to be conveyed free of poles, wires, or other structures. That in pursuance of said contract, at the request of the defendant, the structures were removed; that the defendant

failed to perform its contract and that the plaintiff thereby suffered loss by reason of the expenditures made on the faith of the bargain.

A careful examination of the testimony convinces us that the learned trial judge was right in holding that there was no competent proof of a bargain for the sale of the land between the plaintiff and the defendant. The initial contract was made by the plaintiff and another party, the Industrial League of Carlisle. The latter made a written contract with defendant to acquire the title to certain tracts of land in Carlisle including that belonging to the plaintiff and to convey the lots to the defendant. The consideration to be paid by defendant to the league was less than the price which the league was to pay, the league thus contributing a portion of the purchase money. Later on an arrangement was made that the plaintiff instead of passing the deed for its lot to the league, should deliver it directly to the defendant but there was no evidence that there was a novation or a contractual relation established by the parties to this suit. At no point in the transaction had the defendant an enforceable contract with the plaintiff. It does not appear that it had taken the place of the league as a party to the sale. It is true a witness testified that he as president of the plaintiff company had made a contract for the sale of the lots with the defendant but he could not tell with whom, nor the details of it and the testimony had no probative value. The plaintiff failed to prove its case and the nonsuit was properly entered.

Judgment affirmed.